LAW OFFICE OF BERNARD R. SCHWAM
Bernard R. Schwam, Esq. SBN-67452
*bschwam@sbcglobal.net*
16133 Ventura Blvd., Penthouse
Encino, CA 91436
(818) 986-3775, Fax (818) 788-3153

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| KATHLEEN LEMON, | CASE NO. |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT** |
| v. | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | **[29 U.S.C. Section 1132]** |
| Defendants. | |

Plaintiff, KATHLEEN LEMON (hereinafter referred to as "Plaintiff"), complains of Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA (hereinafter referred to as "UNUM" or "Defendant") as follows:

## JURISDICTION AND VENUE

1.     This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1337 and 29 U.S.C. §1132(a)(1), (e), (t), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101 . et. seq. (hereafter "ERISA") as it involves a claim by Plaintiff for disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these Code Sections as well as 28 U.S.C. §1331 as this action involves a federal question.

2.     The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. §1391(b)(2), and the ends of justice require it.

3.     The ERISA statute at 29 U.S.C. §1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials.  Those avenues of appeal have been exhausted.

4.     Plaintiff exhausted the appeal process on or about September 27, 2016, at which time she was informed that UNUM had denied Plaintiff's appeal of the denial of her short term and long term disability benefits.

## GENERAL ALLEGATIONS

5.     Plaintiff is informed and believes and thereon alleges that the plan is an employee welfare benefit plan established and maintained by Plaintiff's employer, DONALDSON FILTRATION SYSTEMS (hereafter referred to as "DONALDSON") to provide its employees with group long term disability benefits ("LTD"), to pay a portion of a covered employee's income during a period of disability.

6.     Plaintiff is an individual citizen and resident of the State of California, County of Los Angeles, residing within the Central District of the State of California.

7.     On information and belief, UNUM insures the plan and is contractually obligated to pay benefits for claims covered and approved through the plan.

## FACTUAL AND LEGAL BACKGROUND

8.     At all times relevant hereto, Plaintiff, currently age 57, was employed by DONALDSON as a Controller (Accounting Manager).  Plaintiff worked for DONALDSON until she became disabled on May 9, 2015.

COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT

9.  Plaintiff's job at DONALDSON required numerous responsibilities including month end closing books, training other accountants, sitting all day and working on a computer along with dealing with multiple issues in the accounting department.

10.  Plaintiff first became disabled on May 9, 2015 due to fibromyalgia which then caused depression.  This condition began before she went out on disability as far back as October of 2014.  She missed days at work or worked at home to the point she could no longer work anymore.  She complained of muscle pains in her hips, right foot, both arms and neck.  She suffered from fatigue and loss of energy, which is typical for fibromyalgia.  Her lack of ability to think and concentrate was also prevalent.

11.  The UNUM Group Disability plan under which Plaintiff was covered states in part as follows:

"You are disabled when UNUM determines that:

You are unable to perform with reasonable continuity the substantial and material duties of your regular occupation due to sickness or injury."

12.  Since Plaintiff was denied from the onset, the court must determine if she is unable to perform the material and substantial duties of her own occupation.

13.  Plaintiff applied for and was accepted by the State of California for the maximum twelve month period.  All of Plaintiff's treating physicians, including not only her primary care physician, but also her rheumatologist has stated in writing she cannot work.  Dr. Gelder, who is her rheumatologist, stated she is not capable of even a low stress job and that she can only sit for 5 minutes at a time.  Her job requires constant sitting.  Dr. Gelder did identify multiple tender points, which is the classic symptoms of fibromyalgia.

14.  Dr. Simmonds states from a psychiatric point of review Plaintiff is clearly disabled, especially in light of her physical complaints, and identifies

3

problems with concentration, loss of interest in almost all activities, generalized anxiety, mood disturbances, emotional withdrawal, sleep disturbance, etc.

15. By contrast, Defendants allege that there are no objective tests that establish fibromyalgia, when it is well known that this condition cannot be determined by laboratory tests. Also, there has been no face to face medical examination relied upon by Defendant, although they have that right as described in their plan. It also appears that the record review performed by Defendant to justify the denial and the denial of the appeal were done in-house.

16. Defendants' position that Plaintiff can lift up to 10 pounds with constant sitting and frequent handling is inconsistent with Plaintiff's treating physicians. Further, Defendants' position that Plaintiff can do occasional fingering is at odds with her job which requires frequent fingering.

17. Plaintiff's claim for LTD benefits was denied on March 17, 2016. She appealed on August 16, 2016 and the denial was upheld on September 27, 2016.

18. Plaintiff therefore has exhausted her administrative remedies.

## **FIRST CLAIM FOR RELIEF**

### **For Damages and Benefits Against Defendant UNUM**

### **(Pursuant to 29 U.S.C. Section 1132(a)(1))**

19. Plaintiff repeats and realleges each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

20. Plaintiff contends that the standard of review is de novo due to the operation of Insurance Code Section 10110.6 (effective January 1, 2012) which states:

> "If a policy, contract, certificate, or agreement offered, issued, delivered, or renewed, whether or not in California, that provides or funds life insurance or disability insurance coverage for any California resident contains a provision that reserves discretionary authority

4

to the insurer, or an agent of the insurer, to determine eligibility for benefits or coverage, to interpret the terms of the policy, contract, certificate, or agreement, or to provide standards of interpretation or review that are inconsistent with the laws of this state, that provision is void and unenforceable."

21.    As a direct and proximate result of UNUM's wrongful denial of LTD benefits, Plaintiff contends that UNUM has breached the contract by not paying monthly benefits, payable at a rate of $4,899.00 per month, less appropriate offsets, from August 9, 2015 to the present and continuing.

22.    As a further direct and proximate result of the denial of benefits, and due to Defendants' unreasonable denial, Plaintiff had to engage the services of attorneys to assist her in recovering benefits due her, under the terms of the LTD plan. Accordingly, Plaintiff is further entitled to reasonable attorney's fees in an amount according to proof pursuant to 29 U.S.C. Section 1132(g)(1).

**WHEREFORE,** Plaintiff demands judgment against Defendants, and each of them, as follows:

1.    Damages for breach of contract pursuant to 29 U.S.C. Section 1132(a)(1)(B), for long term disability benefits payable at the rate of $4,899.00 per month, less appropriate offsets, from August 9, 2015 to the present and continuing;

2.    Interest on said amounts in accordance with law;

3.    For reasonable attorney's fees and costs in a sum according to proof, pursuant to 29 U.S.C. Section 1132(g)(1).

///

///

///

///

///

5

4.    For any further relief that the court deems reasonable and just.

DATED: December 8, 2016      LAW OFFICE OF BERNARD R. SCHWAM

By: /s/ Bernard R. Schwam
BERNARD R. SCHWAM
ATTORNEY FOR PLAINTIFF
KATHLEEN LEMON

COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT